**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**ERIC R. ATKINSON,**

               **Plaintiff,**

    **v.**                                **Civil Action 2:19-cv-2562
Judge James L. Graham
Magistrate Judge Jolson**

**MUSKINGUM COUNTY
COMMISIONERS, et al.,**

               **Defendants.**


## REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Third Cause of Action (Doc. 11) and Defendants' Motion to File Their First Amended Answer (Doc. 13). It is **RECOMMENDED** that Defendants' Motion to Dismiss Plaintiff's Third Cause of Action be **GRANTED**. Further, Defendants' Motion to File Their First Amended Answer is **GRANTED**, and the Clerk is directed to file Doc. 13-1 as Defendants' First Amended Answer.

## I.    BACKGROUND

Plaintiff Eric Atkinson, a pro se prisoner, is currently incarcerated at Noble Correctional Institution. (Doc. 3 at 3). Defendants are the Muskingum County Commissioners, Muskingum County Sheriff's Department, Deputy Sergeant Ryan Williams, Deputy Ryan Dodson, Deputy Michael Lynn, Deputy Jeremy Archer, and K-9 Deputy Narco. (*Id.* at 4).

The following allegations are taken from Plaintiff's Complaint: On October 29, 2017, members of the Muskingum County Sheriff's Department made contact with the Plaintiff at his home after receiving a complaint that he assaulted the mother of his children. (*Id.*, ¶ 5). Deputies

spoke to Plaintiff through a kitchen window, and Plaintiff indicated that they could not come inside without a warrant. (*Id.*, ¶¶ 6–8).

Shortly thereafter, Defendant Williams allegedly raised the screen in the window and, along with Defendant Dodson, "dove through the kitchen window," landing on top of Plaintiff. (*Id.*, ¶ 10). Plaintiff was knocked unconscious from his head hitting the floor, and Defendants Williams and Dodson "began to punch on the Plaintiff with closed fist[s]." (*Id.*, ¶ 11). After being handcuffed, another deputy on the scene, Defendant Archer, "punched the Plaintiff twice more with a closed fist" causing Plaintiff to fall "back to the floor." (*Id.*, ¶ 12). Defendant Archer "also allowed his K-9 partner Defendant Narco to aggressively put its face within inches of the plaintiff, as if Defendant Archer was going to allow Defendant Narco to bite Plaintiff with no provocation." (*Id.*, ¶ 13). While he was unconscious, Defendants Williams, Archer, Dodson, and Lynn "punched and kicked Plaintiff repeatedly." (*Id.*, ¶ 15). Deputies then dragged Plaintiff outside where he "began coming to and started screaming for help." (*Id.*, ¶ 17). He was subsequently taken to the hospital where he was treated for a number of injuries to his head and face. (*Id.*, ¶¶ 18–19).

After leaving the hospital, Plaintiff was taken to Muskingum County Jail "where on several occasions [he] complained of damages to his left eye and right ear and was told by the jail staff that he would be fine." (*Id.*, ¶ 20). Plaintiff contends that he was subject to medical indifference at the Jail because he "daily asked to see an optometrist or doctor" and his requests were "ignored." (*Id.*, ¶ 22).

After filing an initial two-count Complaint (Doc. 3), Plaintiff filed a purported Third Cause of Action against Defendants Williams, Dodson, Archer, Lynn, and K-9 Narco for entering his residence without a warrant or probable cause in violation of the Fourth Amendment, (Doc. 10).

Defendants filed the instant Motion to Dismiss and Motion to File First Amended Answer, which have been fully briefed and are ripe for resolution.

## II. DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION (Doc. 11)

Defendants move to dismiss Plaintiff's third cause of action pursuant to Rule 12(b)(6). That Rule requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Id*. at 57. "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556).

On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Defendants argue that Plaintiff's third cause of action should be dismissed "because his claim challenges acts, which if proven, would render his conviction invalid and, therefore, is not cognizable under" § 1983. (Doc. 11 at 3 (citing *Heck v. Humphrey*, 512 U.S. 477, 490 (1994)); *id.* at 3–5 (developing argument)).

Under *Heck*, a prisoner may not bring a § 1983 action "where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). Here, Plaintiff pled guilty to charges of felonious assault, domestic violence, and resisting arrest. *See State v. Atkinson*, No. CT2018-0015, 2018 WL 5279078, at *1 (Ohio Ct. App. Oct. 22, 2018). But in his third cause of action, he alleges that Defendants entered his residence without a warrant or probable cause in violation of the Fourth Amendment. (*See generally* Doc. 10). "Through this argument, Plaintiff attempts to do exactly what *Heck* bars: justify his acts of resistance and contest his conviction for resisting arrest." *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 614 (6th Cir. 2014). "If Plaintiff were to succeed on an illegal home entry claim, it would render his arrest unlawful and imply the invalidity of his underlying guilty plea for resisting arrest." *Id.*; *see also id.* at 613 (citations omitted) ("An unconstitutional entry makes an arrest unlawful under Ohio's resisting arrest statute."). The Undersigned will, therefore, recommend that Defendants' Motion to Dismiss be granted and that Plaintiff's third cause of action be dismissed "for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than" under Rule 12(b)(6), "because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated." *Brown v. City of Columbus*, No. 2:18-CV-521, 2018 WL 3105766, at *3 (S.D. Ohio June 25, 2018), *report and recommendation adopted*, No. 2:18-CV-521, 2018 WL 4654693 (S.D. Ohio Sept. 27, 2018) (collecting cases).

## III.   DEFENDANTS' MOTION TO FILE THEIR FIRST AMENDED ANSWER (Doc. 13)

Defendants seek leave to amend their Answer in light of Plaintiff's alleged admission "that he did not present facts relating to his complaint in any grievance procedure." (Doc. 13 at 2). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when a party must seek leave of

court to amend a pleading, "[t]he court should freely give leave when justice so requires."  This

rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that

cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Inge v. Rock*

*Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557,

559 (6th Cir. 1986)).  Thus, the trial court enjoys broad discretion in deciding motions for leave to

amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  In exercising

its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive

on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the

amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This case is in its early stages.  Discovery is not set to close for more than two months, and

Plaintiff has not made any showing that he would suffer undue prejudice as a result of the

amendment or that the amendment itself is futile.  Indeed, Plaintiff has not opposed Defendants'

Motion, but rather filed a purported Response restating his claims, responding to Defendants'

affirmative defenses, and denying some of Defendants' factual contentions.  (*See generally* Doc.

15).  Under these circumstances, and in light of the liberal policy favoring amendments, the Court

will grant Defendants' Motion to File Their First Amended Answer.

## IV.      CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion to Dismiss

Plaintiff's Third Cause of Action (Doc. 11) be **GRANTED** and that Plaintiff's third cause of action

be dismissed for lack of subject matter jurisdiction pursuant to Rule 12 12(h)(3), rather than under

Rule 12(b)(6).  Further, Defendants' Motion to File Their First Amended Answer (Doc. 13) is

**GRANTED**, and the Clerk is directed to file Doc. 13-1 as Defendants' First Amended Answer.

IT IS SO ORDERED.


Date:   November 21, 2019                    /s/ Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE