IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Eric R. Atkinson,

    Plaintiff,

    v.                      Case No. 2:19-cv-2562

Muskingum County
Commissioners, et al.,

    Defendants.

## ORDER

This is an action filed pursuant to 42 U.S.C. §1983 by plaintiff Eric R. Atkinson, a pro se prisoner currently incarcerated at Noble Correctional Institution, against the Muskingum County Commissioners, the Muskingum County Sheriff's Department, Deputy Sergeant Ryan Williams, Deputy Ryan Dodson, Deputy Michael Lynn, Deputy Jeremy Archer, and K-9 Deputy Narco. In his original complaint filed on June 28, 2019, plaintiff alleged that the deputies responded to his residence on October 29, 2017, on a report that he had assaulted the mother of his children. In his first cause of action, plaintiff alleged that defendants Dodson, Williams, Archer, Lynn and K-9 Narco assaulted him in his residence while he was being placed under arrest. In his second cause of action, plaintiff alleged that the Sheriff's Department and the Commissioners were deliberately indifferent to his medical needs while he was being held at the Muskingum County Jail after his arrest.

On August 19, 2019, plaintiff filed an amended complaint asserting a third cause of action which alleged that defendants Williams, Dodson, Archer, Lynn and K-9 Narco violated his constitutional rights by entering his residence without probable

cause or a warrant. On August 30, 2019, those defendants filed a motion to dismiss plaintiff's third cause of action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. This matter is now before plaintiff's December 4, 2019, objection to the magistrate judge's November 21, 2019, report and recommendation in which she recommended that defendants' motion to dismiss be granted.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

In their motion to dismiss, defendants argued that plaintiff's third cause of action should be dismissed because that claim challenges acts which, if proven, would render his convictions for felonious assault, domestic violence, and resisting arrest invalid. The magistrate judge correctly noted that under Heck v. Humphrey, 512 U.S. 477, 490 (1994), a prisoner may not bring an action under §1983 "where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005).

As the magistrate judge correctly observed, if plaintiff were to prevail on his third cause of action, this would render his arrest unlawful and imply the, because an unconstitutional entry makes an arrest unlawful under Ohio's resisting arrest statute.

See Hayward v. Cleveland Clinic Found., 759 F.3d 601, 613-14 (6th Cir. 2014). A finding of illegal entry would also compromise the validity of plaintiff's felonious assault and domestic violence convictions to the extent that they were based on evidence obtained as a result of the illegal entry.

Plaintiff's objection does not contest the facts relied on by the magistrate judge or her legal reasoning. Rather, plaintiff contends that the magistrate judge's summary of the complaints filed in his case did not include additional facts, some of which were apparently supplied to plaintiff in discovery. None of the additional facts noted by plaintiff would undermine the conclusion of the magistrate judge that plaintiff's third cause of action is barred by Heck. Plaintiff's objection is denied.

The court agrees with the report and recommendation (Doc. 16), and it is hereby adopted. The magistrate judge recommended granting defendant's motion to dismiss, but indicated that the third cause of action should be dismissed under Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction, which would permit plaintiff to reassert this claim if his conviction is later invalidated. The court agrees with this recommendation. The motion to dismiss (Doc. 11) is granted, and the third cause of action against defendants Williams, Dodson, Archer, Lynn and K-9 Narco is dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.

It is so ordered.

Date: December 13, 2019        s/James L. Graham
                                 James L. Graham
                                 United States District Judge