IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ERIC R. ATKINSON,**

       **Plaintiff,**

   v.                          **Civil Action 2:19-cv-2562**
                                    **Judge James L. Graham**
                                    **Magistrate Judge Jolson**

**MUSKINGUM COUNTY**
**COMMISIONERS, et al.,**

       **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint With Prejudice Pursuant to 28 U.S.C. § 1915(e)(2) (Doc. 22). It is **RECOMMENDED** that the Motion be **GRANTED in part and DENIED in part** and that this case be dismissed without prejudice.

**I.    BACKGROUND**

Plaintiff Eric Atkinson, a *pro se* prisoner, is currently incarcerated at Noble Correctional Institution. (Doc. 3 at 3). Defendants are the Muskingum County Commissioners, Muskingum County Sheriff's Department, Deputy Sergeant Ryan Williams, Deputy Ryan Dodson, Deputy Michael Lynn, Deputy Jeremy Archer, and K-9 Deputy Narco. (*Id.* at 4). The Court has previously summarized the background of this case. (*See* Doc. 16 at 1–3).

Relevant here, on June 19, 2019, Plaintiff filed an Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees (the "Application") (Doc. 1). In the Application, Plaintiff represented that, in the 12 months prior to filing, he had received a total of

$200 in gifts and inheritances and had not received any other money from any other source. (*Id.* at 5–6). He further denied owning any assets, "including real estate." (*Id.* at 6). By signing the Application, Plaintiff declared "under penalty of perjury that" he had submitted "a complete statement of all of his assets" and that all of the information in the Application was "true and correct." (*Id.* at 7). Based on these representations, the Court granted Plaintiff's Application. (*See* Doc. 2).

Subsequently, Defendants learned of information suggesting that Plaintiff's representations on his Application were not true. (*See generally* Doc. 22). Specifically, with their Motion, Defendants present evidence purporting to show that Plaintiff owns a house and has been earning income from the home since June 1, 2018. (*Id.* at 2–3 (citing Docs. 22-1–22-4)). Relying on 28 U.S.C. § 1915(e)(2)(A), they argue that this action should be dismissed with prejudice because Plaintiff's allegations of poverty were untrue. The Motion is now fully briefed and ripe for resolution.

## II. STANDARD OF REVIEW

Where a plaintiff is proceeding *in forma pauperis*, courts are required to dismiss a case if, "at any time," it determines that a plaintiff's "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). The purpose of this statute "is to prevent abuse of the judicial system by litigants who falsely understate their assets to obtain *in forma pauperis* status when they are not entitled to it based on their true assets." *Murphy v. Clinical Sols., LLC*, No. 3:18-CV-01287, 2019 WL 6174826, at *2 (M.D. Tenn. Nov. 20, 2019) (citing *Attwood v. Singletary*, 105 F. 3d 610, 613 (11th Cir. 1997) (*per curiam*)). If a plaintiff's allegation of poverty is untrue, courts have discretion "to dismiss the case with or without prejudice." *Murphy*, 2019 WL 6174826, at *2 (citing *Jones v. Mich. Dept. of Human Servs.*, 2013 WL 640771 at *1 (E.D. Mich. February 21, 2013)).

**III.    DISCUSSION**

The parties dispute whether Plaintiff truthfully represented his assets on the Application. (*Compare* Docs. 22, 25 *with* Docs. 24, 26, 28).  Based on a review of the record, the Undersigned finds that he did not.

On December 27, 2007, the Muskingum County Recorder recorded: (1) a warranty deed transferring ownership of the real property at 6250 Tanglewood Drive, Nashport, Ohio 43830 (the "Tanglewood Property") to Plaintiff and (2) Plaintiff's mortgage with Huntington National Bank for the same real property. (Docs. 22-1, 22-2).  After his conviction in 2018, Plaintiff entered into a Land Installment Contract (the "Contract") with his mother and father, Ralph and Christine Atkinson to purchase the Tanglewood Property for $77,528. (Doc. 22-4).  Pursuant to the Contract, Plaintiff's parents are obligated to make monthly payments of $639.38 and to complete the purchase of the Tanglewood Property "no later than July 1, 2040." (*Id.*, ¶¶ 3(a)-(c)).  Relevant here, the Contract also states that "[p]ayments shall be payable to the mortgage company and sent directly to the mortgage company." (*Id.*, ¶ 3(g)).  Once Plaintiff's parents pay the full purchase price consistent with the terms of the Contract, Plaintiff "shall deliver … a deed of general warrant with release of dower[.]" (*Id.*, ¶ 10).  In other words, Plaintiff holds legal title to the Tanglewood Property until his parents pay the purchase price in full.  *See In re Ravenswood Apartments, Ltd.*, 338 B.R. 307, 312 (B.A.P. 6th Cir. 2006) (citations and quotations omitted) ("The land contract vendor holds legal title to the property and a beneficial estate in the lands to the extent of the unpaid purchase money…. [S]o long as any purchase money remains unpaid [the vendor] retains a personal right and interest in the land, and cannot be compelled to part with the title except upon full compliance by the purchaser with the terms of the contract."); *see also* O.R.C. § 5313.01(A) (defining a land installment contract as a contract "under which the vendor agrees to convey title

in real property located in this state to the vendee and the vendee agrees to pay the purchase price in installment payments, while the vendor retains title to the property as security for the vendee's obligation").

What does all of the above mean for Plaintiff? First, Plaintiff is the legal owner of the Tanglewood Property and failed to list it as an asset on the Application. (*See* Doc. 1 at 6). Second, Plaintiff's parents make monthly mortgage payments on the Tanglewood Property on behalf of Plaintiff, which is not reflected in the Application. (*See generally* Doc. 1).

Further review of the Application supports a finding that Plaintiff's allegation of poverty is untrue. The Application requires the applicant to state the total amount received in the past 12 months from any source, including gifts or inheritances. (*Id.* at 5–6). In the Application, Plaintiff stated that he had received $200 in gifts or inheritances in the 12 months prior to filing. (*Id.*). But he has since acknowledged that he receives $200 *per month* from his parents. (Doc. 24 at 3 (stating that he receives "a gift monthly of $200 per month"); Doc. 26 at 2 (stating that "the plaintiff is gifted $200 a month from his parents")). A reasonable jurist could conclude that Plaintiff, a prisoner with no monthly expenses, an income of $200 month, and a house could pay the filing fee.

Plaintiff challenges this conclusion and argues that the Application accurately reflects his assets. He acknowledges that he entered into the Contract with his parents, but suggests that Huntington National Bank is, in fact, the real owner of the Tanglewood Property. (*See* Doc. 24 at 3 ("Basically the Defendant's [sic] are trying to partray [sic] the Plaintiff as the vendor, when in fact, the vendor is the Huntington National bank [sic][.]"); Doc. 28 at 1 ("[I]t is the Plaintiff's understanding and belief that he has never actually owned the [Tanglewood Property]. It is Plaintiff's belief that he would not actually own the property until he had paid off his mortgage, and the actual owner is the Huntington National Bank.")). But the plain language of the Contract

4

tells the Court otherwise. (*See* Doc. 22-4 at 1 (defining Plaintiff as "Vendor" and his parents as "Vendees"); *id.*, ¶ 1 ("Vendor agrees to sell to Vendees, and Vendees agree to purchase from Vendor" the Tanglewood Property)).

He further argues that his parents' monthly payments of his mortgage did not need to be listed on the Application because they were made directly to the mortgage company, not to him. (Doc. 24 at 2–3; Doc. 26 at 1–2; Doc. 28 at 1–2). In his view, he derived no benefit from those payments because he does not own the Tanglewood Property. (Doc. 24 at 2–3; Doc. 26 at 1–2; Doc. 28 at 1–2). Again, that position is difficult to reconcile with the plain language of the Contract. (*See* Doc. 22-4, ¶ 1 (defining Plaintiff as the owner of the Tanglewood Property); *id.*, ¶ 10 (requiring Plaintiff to transfer ownership of the Tanglewood Property via warranty deed upon his parents' payment of the full purchase price)).

In sum, Plaintiff did not truthfully represent his income and assets on the Application. And the mandatory language of 28 U.S.C. § 1915(e)(2)(A) makes clear that dismissal is required as a result. That finding requires the Undersigned to consider whether that dismissal should be with or without prejudice. *See Murphy*, 2019 WL 6174826, at *2 (citing *Jones*, 2013 WL 640771 at *1). "[A] conclusion that the Plaintiff concealed or misrepresented [his] assets in bad faith would support dismissal of the case with prejudice." *Murphy*, 2019 WL 6174826, at *2 (citation omitted).

Although mixed, the Undersigned finds that the record in this case does not support such a conclusion. To warrant a dismissal with prejudice, a plaintiff's misrepresentations regarding his or her income and assets must be egregious. *Compare Murphy*, 2019 WL 6174826, at *4 (recommending dismissing the plaintiff's complaint without prejudice where plaintiff "significantly and substantial[ly] misrepresented her income") *with Ojose v. Matanin*, No. 4:16CV2952, 2019 WL 1078349, at *4–5 (N.D. Ohio Mar. 6, 2019) (dismissing action with

prejudice where the plaintiff falsely represented that he did not have a job, understated his spouse's income by a factor of four, and falsely represented that he did not own any real estate); *Johnson v. Working Am.*, No. 1:12CV1505, 2013 WL 3822232, at *5 (N.D. Ohio July 23, 2013) (recommending dismissal with prejudice where the plaintiff misrepresented his employment status, prior work income, and receipt of public assistance). And, on the record before the Court, the Undersigned cannot conclude that Plaintiff, a *pro se* prisoner with limited legal experience, acted in bad faith here. The Undersigned, therefore, recommends that Plaintiff's Complaint be dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion (Doc. 22) be **GRANTED in part and DENIED in part** and that this case be dismissed without prejudice.

IT IS SO ORDERED.


Date:  January 30, 2020　　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE